**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| RICHARD LEE FOSTER,<br><br>        Plaintiff,<br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>        Defendant. | No. C 11-3063-MWB<br><br>**ORDER REGARDING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES** |

## I.  INTRODUCTION

This case comes before me on plaintiff Richard Lee Foster's January 15, 2013, Motion For Award Of Attorney's Fees (docket no. 17). On November 1, 2012, I reversed and remanded this case for further proceedings, after determining that the Commissioner's decision that Foster was not disabled was neither supported by substantial evidence nor based on proper legal standards (docket no. 15). That same day, the Clerk of Court entered judgment in favor of Foster.

In his pending motion, Foster requests $4,520.85[1] in fees and expenses under the Equal Access to Justice Act (EAJA). Foster includes as exhibits a fee agreement in which Foster assigned any fees awarded under the EAJA to his attorney; an affidavit of the plaintiff's attorney, Blake Parker, supporting Foster's application; an itemization of hours that his attorney worked on his case; and a consumer price index to assist in

---

[1] There are several calculation errors in Foster's motion and affidavit. He requests a total amount of $3,217.28, which does not equal the sum of his requests of $472.32 for 2011 and $4,023.62 for 2012, or match the total request used in other instances. I have revised the request to reflect the calculations in the affidavit.

calculating cost of living increases. Foster's attorney worked a total of 24.5 hours on this case, consisting of 2.6 hours in 2011 and 21.9 hours in 2012. Foster's attorney adjusted his requested hourly rate from the statutory rate of $125 upward to $181.66 for 2011 and $183.73 for 2012.[2] In addition to the fees, Foster requests reimbursement of expenses in the amount of $24.91. Foster asks that any EAJA attorney's fees be paid directly to his attorney, pursuant to his fee agreement.

The Commissioner has no objection to Foster's requested fees and expenses. The Commissioner filed a Response (docket no. 18) on January 28, 2013, requesting that I enter an order specifically awarding attorney's fees and expenses of $4,520.85 to be paid by the Social Security Administration to Foster in accordance with *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010).

## II. ANALYSIS

"[F]ees and other expenses" may be awarded to a "prevailing party" in a Social Security appeal under the Equal Access To Justice Act (EAJA), "unless the court finds that the position of the United States was *substantially justified* or that *special circumstances* make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). For purposes of this subsection, "fees and other expenses" include "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A) (emphasis added). In order to obtain an award, the party must apply for the award "within thirty days of final judgment in the action" and "allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B). If attorney's fees are appropriate, the reasonable hourly rate for such fees is set by statute at $125, "unless the court determines that an increase in the cost of

---

[2] The hourly rates on the first page of Foster's motion ($180.59 for 2011 and $181.97 for 2012) are incorrect and do not match the calculations in Foster's attorney's affidavit. I have revised the rates to reflect the calculations in the affidavit.

living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii); *see Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990) (holding that "where . . . an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75 per hour [(the applicable statutory amount in the case)], enhanced fees should be awarded.").

Here, Foster is the clear prevailing party and timely filed his motion for attorney's fees. He alleges in his motion that the position of the Commissioner "was not substantially justified," docket no. 19 at 2, and I agree. Moreover, the Commissioner does not object to the award of fees and expenses in this case. Thus, I find that Foster's request under the EAJA is just and appropriate. The request of $4,495.94 is reasonable for 24.5 hours of work by Foster's attorney, and the additional $24.91 in expenses is also reasonable. Although there were several numerical inconsistencies in Foster's motion, I have determined that he properly applied a cost of living adjustment (COLA) to the statutory rate of $125. Foster used the average consumer price index for all urban consumers (CPI-U) for the last half of 2011 to calculate the adjustment for the 2011 fees, and he used the average CPI-U for the first half of 2012 to calculate the adjustment for the 2012 fees.[3] Since the majority of Foster's billing occurred during the end of 2011 and the beginning of 2012, the CPI-U figures he used were reasonable. Foster has "present[ed] uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees" over the statutory rate of $125, for an adjusted hourly rate of $181.66 in 2011 and $183.73 in 2012. *See Johnson*, 919 F.2d at 505.

---

[3] BUREAU OF LABOR STATISTICS, CONSUMER PRICE INDEX—ALL URBAN CONSUMERS, *available at* http://www.bls.gov/data/.

As to who shall receive the attorney's fees, Foster or his attorney, the United States Supreme Court recently held that attorney's fees under 28 U.S.C. § 2412(d) are payable to the litigant, not directly to the litigant's attorney, and are thus subject to an offset if the litigant has outstanding debts to the United States. *See Astrue v. Ratliff*, 130 S. Ct. 2521, 2524–26 (2010). Foster, nonetheless, requests that EAJA fees be paid directly to his attorney, pursuant to his declaration and assignment of attorney's fees.

The Eighth Circuit Court of Appeals has not had occasion to consider this issue since the Court's decision in *Ratliff*, but several district courts in this circuit have read *Ratliff* to permit courts to award fees directly to the litigant's attorney, subject to offset for the litigant's debt to the United States, where a litigant has assigned any EAJA fees to her attorney. *See, e.g., Sahs v. Astrue*, 832 F. Supp. 2d 1066, 1069 (D. Neb. 2011) ("Because Sahs expressly authorized direct payment to his attorney, . . . I will order that payment be made directly to Sahs' attorney, after an offset is made for any pre-existing debt owed by Sahs to the United States"); *Johnson v. Astrue*, No. CIV 10-4052-RAL, 2011 WL 4458850, at *10 (D.S.D. 2011 Sept. 23, 2011) ("Paying the fee award, minus any offset, directly to [plaintiff's] attorney, in accordance with [plaintiff's] intent, is not inconsistent with *Ratliff*. Indeed, by honoring [plaintiff's] instructions, this Court recognizes that the fee award belongs to [plaintiff]."); *Meyer v. Astrue*, Civ. No. 09-3205 (MJD/LIB), 2011 WL 4036398, at *3 (D. Minn. Aug. 25, 2011). Other courts in this circuit, however, have determined that, pursuant to *Ratliff*, a court must award fees to the litigant, not the litigant's attorney, no matter if the litigant has assigned fees to her attorney. *See, e.g.*, *Wilson v. Astrue*, No. 4:10CV01759 AGF, 2011 WL 6945163, at *1 (E.D. Mo. Dec. 30, 2011) ("The Court . . . believes that the better practice is to follow the Supreme Court's directive in *Ratliff* that under the EAJA, an award of attorney's fees be made to the 'prevailing party.'"); *Rathke v. Astrue*, No. CIV. 08-5084-JLV, 2010 WL 3353380, at *3 (D.S.D. Aug. 23,

2010) (awarding fees to plaintiff under *Ratliff*, despite fee agreement in which plaintiff assigned any EAJA fees to his attorney).

I do not interpret *Ratliff* to allow me to award fees directly to a litigant's attorney, even where the litigant has assigned EAJA fees to his attorney. While the *Ratliff* Court did acknowledge the government's practice of paying EAJA fees directly to a litigant's attorney, where the litigant owed no debts to the United States and had assigned her EAJA fees to her attorney, the Court concluded that this practice did not alter its conclusion that the EAJA directs courts to award fees to litigants, not litigant's attorneys—and thus rejected Ratliff's argument to the contrary. *See Ratliff*, 130 S. Ct. at 2529 ("[N]othing about the Government's past payment practices altered the statutory text that governs this case . . . ."); *see also Wilson*, 2011 WL 6945163, at *1 ("The Court disagrees with the interpretation of *Ratliff* espoused by the parties. In its decision, the Supreme Court stated that the Government's history of paying EAJA awards directly to attorneys where the plaintiff did not have federal debt and where the plaintiff had assigned the right to receive the fees to the attorney did not change the Supreme Court's interpretation of the EAJA requiring that an award of attorney's fees be made directly to the 'prevailing party.'" (quoting *Ratliff*, 130 S. Ct. at 2529)). A litigant's assignment of fees to her attorney does not permit a court to circumvent *Ratliff's* conclusion that a court must award EAJA fees to the litigant, as the *Ratliff* Court made clear when discussing an attorney's contractual rights to EAJA fees: "The fact that the statute awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the statute 'awards' the fees directly to the attorney." *See Ratliff*, 130 S. Ct. at 2526; *see also id*. at 2529–30 (Sotomayor, J., concurring) ("I join the Court's opinion because I agree that the text of the Equal Access to Justice Act (EAJA) and our precedents compel the conclusion that an attorney's fee award under 28 U.S.C. § 2412(d) is payable to the prevailing litigant

rather than the attorney. The EAJA does not legally obligate the Government to pay a prevailing litigant's attorney, and the litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and the law governing that contract.").

Therefore, in accordance with *Ratliff*, I award $4,520.85 in EAJA fees and expenses, which is subject to offset for any debts Foster may owe to the United States and payable directly to plaintiff Foster. Nonetheless, if consistent with the Commissioner's and the Department of Treasury's practice, the EAJA payment may be mailed to Foster's attorney, Blake Parker. *See, e.g.*, *Theis v. Astrue*, 828 F. Supp. 2d 1006, 1011 (E.D. Ark. 2011) (directing that EAJA "award be made payable to the plaintiff . . . and mailed to [plaintiff's attorney], pursuant to the Commissioner's standard method of issuing payment").

### III.  CONCLUSION

THEREFORE, Foster's Motion For Attorney's Fees Pursuant To 28 U.S.C. § 2412 (Equal Access To Justice Act) (docket no. 17) is **granted in part and denied in part.** Foster's motion is **granted,** to the extent that Foster is awarded $4,520.85 in attorney's fees and expenses under the EAJA, which is subject to offset for any debts Foster may owe to the United States. Foster's motion is **denied,** to the extent that his EAJA fees award is payable directly to plaintiff Foster, not his attorney. Nonetheless, if consistent with the Commissioner's and the Department of Treasury's practice, the EAJA payment may be mailed to Foster's attorney, Blake Parker.

**IT IS SO ORDERED**.

**DATED** this 6th day of February, 2013.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA